

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

DIANNE PEOPLES,

    Plaintiff,

v.

                                  Civil Action No. 3:12cv355
                                    JURY TRIAL DEMANDED

GMAC MORTGAGE, LLC,

and

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants.

## COMPLAINT

    COMES NOW the Plaintiff, DIANNE PEOPLES (hereinafter the "Plaintiff"), by

counsel, and for her Complaint against the Defendants, GMAC Mortgage, LLC (hereinafter

"*GMAC*"), and Experian Information Solutions, Inc. (hereinafter "*Experian*"), she alleges as

follows:

## PRELIMINARY STATEMENT

    1.    This action is brought pursuant to the Real Estate Settlement Procedures Act

(hereinafter "RESPA") 12 U.S.C. §2601 et seq., the Fair Debt Collection Practices Act

(hereinafter "FDCPA") 15 U.S.C. §1692 et seq., the Federal Fair Credit Reporting Act

(hereinafter "FCRA") 15 U.S.C. §1681 et seq., and the common law tort of breach of contract.

This action concerns violations of RESPA by a mortgage company that failed to bargain in good

faith with a consumer, failed to implement the terms of a modification the mortgage company

itself offered a consumer and refused to correct a payment that the mortgage company

misapplied.  The mortgage company violated the FDCPA by claiming the mortgage was in

default at the time it assumed servicing the note and has made demands for illegal fees and charges for over two (2) years.  When the consumer disputed the reporting of derogatory information by the mortgage company, the mortgage company affirmed the false information in violation of the FCRA.  The consumer has tried in vain for over two (2) years to have her account corrected and the mortgage company refuses to deal with the problem.

<strong><u>JURISDICTION</u></strong>

2.      The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p).  Venue is proper as Defendants maintain its registered offices within the boundaries for the Eastern District of Virginia, Richmond Division and significant parts of Plaintiff's claim occurred in Virginia.

<strong><u>PARTIES</u></strong>

3.      Plaintiff is a natural person and resident of the Commonwealth of Virginia and at all times relevant hereto was a "consumer" as defined and governed by 15 U.S.C. §1681a(c). the RESPA, 12 U.S.C. §2601 et seq., the FDCPA, 15 U.S.C. §1692 et seq., and the 15 U.S.C. §1681 et seq., the FCRA.

4.      Upon information and belief, *GMAC* is the servicer of the note and deed of trust that is the subject of this litigation and is a foreign corporation authorized to do business in Virginia.  At all times relevant hereto *GMAC* was a "servicer" as defined by the RESPA, a "furnisher" as defined by the FCRA and a "debt collector" as defined by the FDCPA.

5.      Defendant, *Experian*, is corporation authorized to do business in the Commonwealth of Virginia through its registered agent office.

6.      Upon information and belief *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, *Experian* is regularly engaged in

2

the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7.      Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

8.      Plaintiff is the fee simple owner of the real property and improvements known as 1824 Nansemond Parkway, Suffolk, Virginia 23434.

9.      On or about July 25, 2005, the Plaintiff borrowed upon a Note (the "Note") to EquiFirst Corporation, secured by a Deed of Trust upon the property (the "Deed of Trust").

10.     The servicer of the loan was designated as EquiFirst Corporation.

11.     Upon information and belief, on or after September 14, 2005, servicing of the loan transferred to Homecomings Financial.

12.     In 2007, Plaintiff filed a Chapter 13 bankruptcy.

13.     Plaintiff continued in her Chapter 13 bankruptcy for a period of approximately two years, later converting the Chapter 13 bankruptcy to a Chapter 7 bankruptcy.

14.     In February 2009, Plaintiff applied for and received a loan modification on her mortgage from Homecomings Financial. A copy of the Loan Modification Agreement sent to Plaintiff by Homecomings Financial is attached hereto as Exhibit "A". Monthly payments under the modification were specified as $767.03, principal and interest. *GMAC* advised Plaintiff that her escrow payment was $191.26 per month, making her total monthly payment $958.29.

15.     On March 23, 2009, Plaintiff accepted Homecoming's Loan Modification Agreement by signing the modification and returning it to Homecoming along with a certified

3

check in the amount of $964.37, the initial payment *GMAC* advised Plaintiff was required to accept the Loan Modification agreement.

16.     Unknown to the Plaintiff, the certified check in the amount of $964.37 was negotiated by Homecomings but the monies were not credited to Plaintiff's mortgage account. A copy of the certified check with endorsements is attached as Exhibit "B".

17.     Plaintiff continued to make monthly mortgage payments of $958.29 pursuant to the Loan Modification Agreement and *GMAC* instructions.

18.     From April 2009 until February 2010, Plaintiff did not receive any correspondence or communications of any kind from Homecomings or *GMAC* advising her of the status of her mortgage payments or that an alleged arrearage existed on her mortgage account.

19.     On or about July 1, 2009, upon information and belief, *GMAC* became the servicing agent on Plaintiff's mortgage loan.  At the time of the change in servicers, *GMAC* alleged that Plaintiff was in arrears on her mortgage loan.

20.     On or about February 2010, *GMAC* advised Plaintiff that due to increases in her homeowner's insurance and real estate property taxes, her February and March 2010 mortgage payments would be $1,027.81 and that beginning April 2010 her full payment would be $991.54.

21.     During the month of April 2010, *GMAC* advised Plaintiff that her mortgage was in arrears.  Plaintiff contacted *GMAC* and spoke to a representative who advised the Plaintiff that *GMAC* had no record of her receiving a loan modification in March 2009.

22.     The *GMAC* representative further advised the Plaintiff that she was given a loan modification in March 2010, information unknown to Plaintiff, but that even with the loan

4

modification her mortgage was still in arrears.

23.     From April 2010 through October 2010, Plaintiff had frequent conversations with different *GMAC* representatives but the Plaintiff never received an accounting or any explanation as to why *GMAC* claimed that her mortgage was in arrears. On or about July 9, 2010, a *GMAC* representative advised the Plaintiff to do her own research as to the payment history on her account.

24.     On or about August 30, 2010, a *GMAC* representative advised Plaintiff that a payment had not been credited to her account for the month of March, 2009, the month Plaintiff had forwarded a certified check in the amount of $964.37, the initial payment required by *GMAC* to implement the modification agreement.

25.     Plaintiff brought the incorrect allocation of the funds to *GMAC*'s attention on numerous occasions between August 2010 and November 2010, but *GMAC* failed to correct Plaintiff's mortgage account.

26.     From March 2009 to the present, Homecomings/*GMAC* has refused to acknowledge and implement the Loan Modification and has failed to make appropriate corrections of the $964.37 payment to the mortgage account despite Plaintiff's dispute of the overcharges and misapplication of payments, in violation of the mortgage servicer's provisions of the RESPA, 12 U.S.C. §2605.

27.     The Plaintiff contacted *GMAC* on numerous occasions following August 2010 to explain the misapplication of funds, to dispute late fees and other charges being placed on her account due to Homecomings errors, but received inconsistent and inaccurate information from *GMAC*, including statements that she had never been offered a loan modification and that she

5

did not receive a loan modification until March 2010.  *GMAC* further advised that it was not possible to correct the misapplication of the $964.37 payment and that her account could not be modified because it was an FHA loan.

28.     From the time *GMAC* Mortgage began servicing Plaintiff's mortgage on July 1, 2009, *GMAC* has failed and refused to honor the Loan Modification Agreement given to her by Homecomings.

29.     From March 23, 2009, to the present, Plaintiff has timely made each and every mortgage payment due under the terms of the Loan Modification Agreement.

30.     Despite the Plaintiff's timely payments each month and her full compliance with the terms of the modification agreement, *GMAC* each and every month forwards the Plaintiff default letters demanding that Plaintiff pay monies that are not lawfully due and owing to *GMAC*.

31.     *GMAC* has failed to provide Plaintiff with an accurate accounting of the payments on her mortgage account or any explanation as to why her account is in arrears.

32.     On or about October 25, 2010, Plaintiff obtained a copy of her consumer credit report from *Experian* that showed the *GMAC* account reporting as derogatory.  The prior payment history reflected that the Plaintiff had been 30-day and 120-day late in the payment of her mortgage.

33.     On December 16, 2010, Plaintiff sent a Qualified Written Request to *GMAC*, disputing the amount claimed due and owing on the loan, requested a complete loan history that is easily understood by a consumer, and claimed, among other things, that the Plaintiff's payments had been improperly applied to her account.  In Plaintiff's Qualified Written Request,

Plaintiff demanded that *GMAC* correct the misapplication of the March 23, 2009 payment of $964.37 on her mortgage loan.   See Exhibit "C", attached.

34.   On December 29, 2010, *GMAC* responded to Plaintiff's December 16, 2010 qualified written request, however, its response was inadequate as it failed to address Plaintiff's concerns regarding her disputes. *GMAC* simply responded by forwarding Plaintiff an incomprehensible 32-page payment history and a copy of the Deed of Trust, but no correction had been made by *GMAC* to Plaintiff's mortgage account for the missing March 23, 2009 certified check payment of $964.37.   See Exhibit "D", attached.

35.   In its December 29, 2010 response to Plaintiff's qualified written request, *GMAC* admitted that Plaintiff's $964.37 check was received and the funds were credited to Plaintiff's "second mortgage."  *GMAC* further responded, "These funds could have been returned or reversed upon your [Plaintiff's] request." See Exhibit "D".

36.  Despite the numerous telephone calls made by Plaintiff to *GMAC* for a period in excess of two years, and Plaintiff's qualified written request asking for the correction to be made to her mortgage account, *GMAC* has failed and refuses to make the correction to Plaintiff's mortgage account.  *GMAC* further has unlawfully added late fees and other charges to Plaintiff's account and is now threatening to take Plaintiff's property in foreclosure.

37.   On or about March 16, 2011, the Plaintiff forwarded by certified mail, a written dispute letter to *Experian* regarding the inaccurate derogatory reporting of the *GMAC* mortgage account within her credit file.  Plaintiff advised *Experian* that she had never missed or paid her mortgage late and demanded that *Experian* investigate and correct the derogatory information.

38.   On or about April 1, 2011, *Experian* forwarded its response to the Plaintiff's

dispute and advised that the *GMAC* account had been updated and providing Plaintiff with an updated credit report for the *GMAC* account that continued to reflect a 30-day late notation.

39.     *Experian* received, but ignored the Plaintiff's disputes and did refuse to delete or correct the inaccurate information regarding the derogatory mortgage account from the Plaintiff's credit file.

40.     *Experian* had actual knowledge of the inaccuracies and deliberately chose to ignore and permit the reporting of the derogatory mortgage account.

41.     After receiving Plaintiff's notice of the inaccuracy and since, *Experian* prepared and published to third parties multiple inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory *GMAC* mortgage account.

42.     Upon information and belief, Plaintiff alleges that on one or more occasions, *Experian* forwarded Plaintiff's dispute to *GMAC*. Upon information and belief, *GMAC* was provided notice of Plaintiff's dispute and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

## COUNT ONE: VIOLATION OF RESPA
## (GMAC)

43.     Plaintiff realleges and incorporates paragraphs 1 through 42 above as if fully set out herein.

44.     *GMAC* willfully violated the RESPA in one or more of the following ways, by example only and without limitation:

a.       By failing to respond to the Plaintiffs' Qualified Written Request of December 16, 2010, in the time and manner required by the RESPA (12 U.S.C. §2605(e)(1)(A) and (e)(2));

b.       By failing to make appropriate corrections in the Plaintiffs' account and transmit written notification of such correction to the Plaintiffs (12 U.S.C. §2605(e)(2)(A)); and

c.       By failing to provide the Plaintiff with a written explanation or clarification that includes a statement of the reasons that *GMAC* believed the Plaintiff's account to be correct and the name and telephone number of an individual employed by *GMAC* who could provide assistance to the Plaintiffs (12 U.S.C. §2605(e)(2)(B)).

45.       As a result of the aforesaid violations of RESPA, *GMAC* is liable to Plaintiff for:

a.       Actual damages in an amount to be determined at trial;

b.       Additional statutory damages in the amount of $1,000.00 pursuant to 12 U.S.C. §2605(f)(1)(B);

c.       Other actual damages, including economic damages, emotional and mental distress, frustration, humiliation, and damage to her reputation; and

d.       Reasonable attorney's fees and the costs of litigation.

## COUNT TWO: BREACH OF CONTRACT FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (GMAC)

46.       Plaintiff realleges and incorporates paragraphs 1 through 45 above as if fully set out herein.

47.       A covenant of good faith and fair dealing exists in every valid Virginia contract, including Notes and Deeds of Trust pertaining to real property such as the Note and Deed of

9

Trust pertaining to Plaintiff's property. A breach of the covenant of good faith and fair dealing is a breach of the underlying contract.

48.     *GMAC* failed to perform its duty of good faith and fair dealing with respect to Plaintiff by (1) failing to properly apply the payment of $964.37 made by Plaintiff on March 23, 2009; 2) failing to implement the terms of the Modification Agreement of March 2009; 3) changing the amount of the loan modification payment without notifying Plaintiff; 4) charging late fees to Plaintiff's account during the time period that Plaintiff's mortgage was under the terms of her bankruptcy plan; and 5) refusing to make an accurate accounting to explain to Plaintiff why *GMAC* claimed the mortgage account was in arrears.

49.     Defendant *GMAC* purposely refused to properly apply the March 2009 payment, intending instead to force the Plaintiff into default on her mortgage in order to extract more monies from her than was due.

50.     Plaintiff relied to her detriment on the representations of *GMAC* that she would receive a loan modification on the terms stated in the Modification Agreement.

51.     *GMAC*'s breach of its duty to act in good faith and deal fairly with Plaintiff breached the Note and Deed of Trust.

52.     Because of the breach of the implied covenant of good faith and fair dealing, *GMAC* is not entitled to exercise the remedy of foreclosure under the Deed of Trust.

53.     Plaintiff also suffered actual damages and is threatened with additional harm from *GMAC*'s breach. By making modification plan payments, Plaintiff lost other remedies that would be available to her in order to save her home and prevent damage to her credit reputation. For instance, she could have continued to make payments under the terms of the original note,

10

entered into a repayment plan, restructured her debt under the bankruptcy code, sold her home or pursued other strategies.

54.    To the extent that actual damages will not fully and fairly compensate Plaintiff, she is entitled to specific performance and other appropriate injunctive relief.

55.    Plaintiff is entitled to actual damages, reinstatement of her mortgage, cessation and rescission of any foreclosure activity, specific performance of a permanent modification and a correction of the misapplied $964.37 payment to the proper loan account.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)
## (EXPERIAN)

56.    The Plaintiff realleges and incorporates paragraphs 1 through 55 above as if fully set out herein.

57.    *Experian* violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintained concerning the Plaintiff.

58.    As a result of the conduct, actions and inactions of *Experian* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

59.    *Experian*'s conduct, actions and inactions were willful, rendering *Experian* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Experian* was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

11

60.   The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(1)
### (Experian)

61.   Plaintiff realleges and incorporates paragraphs 1 through 60 above as if fully set out herein.

62.   *Experian* violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

63.   As a result of the conduct, actions and inactions of *Experian*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

64.   *Experian*'s conduct, actions and inactions were willful, rendering *Experian* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

65.   The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT FIVE:  VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(2)**
**(Experian)**

66.     Plaintiff realleges and incorporates paragraphs 1 through 65 above as if fully set out herein.

67.     Experian violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide lawful notification of Plaintiff's dispute to *GMAC* and by failing to include all relevant information regarding the Plaintiff's dispute.

68.     As a result of the conduct, actions and inactions of *Experian*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

69.     *Experian*'s conduct, actions and inactions were willful, rendering *Experian* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Experian* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

70.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT**
**§15 U.S.C. 1681i(a)(4)**
**(Experian)**

71.     Plaintiff realleges and incorporates paragraphs 1 through 70 above as if fully set out herein.

72.     *Experian* violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

73.     As a result of the conduct, actions and inactions of *Experian*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

74.     *Experian*'s conduct, actions and inactions were willful, rendering *Experian* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Experian* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

75.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(5)(A)
### (Experian)

76.     Plaintiff realleges and incorporates paragraphs 1 through 75 above as if fully set out herein.

77.     Experian violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

78.     As a result of the conduct, actions and inactions of *Experian*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein

on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

79.     *Experian*'s conduct, actions and inactions were willful, rendering *Experian* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Experian* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

80.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(A)
## (GMAC)

81.     Plaintiff realleges and incorporates paragraphs 1 through 80 above as if fully set out herein.

82.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *GMAC* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the *GMAC* reporting.

83.     As a result of this conduct, action and inaction of *GMAC*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

84.     *GMAC*'s conduct, action and inaction were willful, rendering *GMAC* liable for

punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *GMAC* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

85.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *GMAC* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT NINE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(B)
## (GMAC)

86.     Plaintiff realleges and incorporates paragraphs 1 through 85 above as if fully set out herein.

87.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *GMAC* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

88.     As a result of this conduct, action and inaction of *GMAC*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

89.     *GMAC*'s conduct, action and inaction were willful, rendering *GMAC* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *GMAC* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

90.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *GMAC* in an amount to be determined by the Court pursuant to 15 U.S.C.

16

§1681n and §1681o.

## COUNT TEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### (GMAC)

91.     Plaintiff realleges and incorporates paragraphs 1 through 90 above as if fully set out herein.

92.     On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *GMAC* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the *GMAC* representation within Plaintiff's credit file with *Experian* without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

93.     As a result of this conduct, action and inaction of *GMAC*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

94.     *GMAC*'s conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *GMAC* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

95.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *GMAC* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT ELEVEN: VIOLATION OF FDCPA
### (GMAC)

96.   Plaintiff realleges and incorporates paragraphs 1 through 95 above as if fully set out herein.

97.   *GMAC* violated the FDCPA in one or more of the following ways, without limitation:

      a)   By misrepresenting the character of the debt (15 U.S.C. 1692(e) and (f));

      b)   By misrepresenting the legal status of the debt (15 U.S.C. §1692(e) and (f));

      c)   By misrepresenting the compensation which it could lawfully receive (15 U.S.C. §§1692(e) and (f));

      d)   By failing to provide the warnings, disclosures and notices required by the FDCPA (15 U.S.C. §1692(e)).

98.   As a result of the FDCPA violations, the Plaintiff has suffered substantial, actual damages including but not limited to her loss of money, emotional and mental pain and suffering, humiliation and embarrassment.

99.   Plaintiff is entitled to actual damages, statutory damages and attorney's fees and costs of litigation under the FDCPA.

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

DIANNE PEOPLES

By

Of Counsel

Leonard A. Bennett, Esq., VSB #37523
CONSUMER LITIGATION ASSOCIATES, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone:    (757) 930-3660
Facsimile:    (757) 930-3662
E-mail: lenbennett@clalegal.com

Robin A. Abbott, Esq., VSB #46596
CONSUMER LITIGATION ASSOCIATES, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone:    (757) 930-3660
Facsimile:    (757) 930-3662
E-mail: rabbottlaw@msn.com

Gary L. Abbott, Esq., VSB #68829
CONSUMER LITIGATION ASSOCIATES, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone:    (757) 930-3660
Facsimile:    (757) 930-3662
E-mail: garyabbott9@msn.com

Susan A. Rotkis, Esq., VSB #40693
CONSUMER LITIGATION ASSOCIATES, PC
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
Telephone:    (757) 930-3660
Facsimile:    (757) 930-3662
E-mail: srotkis@clalegal.com

*Counsel for Plaintiff*

19